UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 13, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *David R. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1164-CDA

Dear Counsel:

On May 5, 2023, Plaintiff David R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 10) and the parties' briefs (ECFs 13, 15 & 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.  **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 4, 2015, alleging a disability onset of July 1, 2014. Tr. 201-11. Plaintiff's claims were denied initially and on reconsideration. Tr. 76-78, 140-41. On March 13, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41-65. Following the hearing, on March 26, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 20-35. The Appeals Council denied Plaintiff's request for review of the decision. Tr. 11-16. Plaintiff then petitioned this Court for review, and on July 26, 2021, this Court remanded the case to the Commissioner. Tr. 809-13. The Appeals Council, on November 9, 2021, vacated the unfavorable decision and remanded the case back to a different ALJ for further proceedings. Tr. 814-19. On August 17, 2022, the new ALJ heard Plaintiff's case and determined, on September 6, 2022, that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 676-96. That decision constitutes the final, reviewable decision of the SSA. *Sims v.*

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 5, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*David R. v. O'Malley*
Civil No. 23-1164-CDA
May 13, 2024
Page 2

*Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of June 3, 2013 through his date of last insured of March 31, 2017[.]" Tr. 682. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity; right inguinal hernia mesh repair; a mental impairment variously diagnosed as bipolar disorder, bipolar disorder [not otherwise specified] NOS, bipolar affective disorder, bipolar [one] disorder without psychotic features, borderline personality disorder, adjustment disorder, anxiety, depression, [post-traumatic stress disorder] PTSD, major depressive disorder, and generalized anxiety disorder; and fibromyalgia[.]" Tr. 682. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "[b]ilateral cervical radiculopathy, vitamin D deficiency, and abnormal lipids." Tr. 682. The ALJ mentioned that Plaintiff suffered from appendicitis in April of 2015, and later underwent surgery to excise a large suture needle and a coiled foreign body in August of 2015. Tr. 682. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 682. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift or carry 10 pounds frequently or 20 pounds occasionally, sit 6 hours in an 8 hour day, stand and/or walk 6 hours in an 8 hour day. The claimant can perform simple 1-4 step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, with only occasional contact with co-workers and supervisors and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 684. The ALJ determined that Plaintiff was unable to perform past relevant work as a Cashier

(DOT[3] #211.462-010) but could perform other jobs that existed in significant numbers in the national economy. Tr. 694. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 696.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff's only argument on appeal is that the ALJ's RFC is unsupported by substantial evidence. ECF 13, at 8. Plaintiff avers that the ALJ's decision lacked the required narrative explanation when the ALJ limited Plaintiff to no fast pace or production quotas. ECF 13, at 10. Defendant counters that the ALJ properly accounted for Plaintiff's moderate CPP limitation when determining the RFC. ECF 15, at 6.

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas—concentration, persistence, and pace ("CPP")—concerns "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

"[O]nce an ALJ has made a . . . finding that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in [their] RFC assessment, or

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*David R. v. O'Malley*
Civil No. 23-1164-CDA
May 13, 2024
Page 4

explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec. Admin*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)), *report and recommendation adopted*, (D. Md. June 5, 2015). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121-22 (4th Cir. 2020). However, an ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017).

Here, at step three, the ALJ determined that Plaintiff had a "moderate" CPP limitation. Tr. 684. To support this determination, the ALJ noted that Plaintiff "reported having insomnia, [sic] anxiety, and depression and getting lost on public transportation[.]" Tr. 684. The ALJ also stated that Plaintiff "watched YouTube videos, but he was not allowed to do his own shopping because he purchased the wrong things; [and Plaintiff] did not have the mental capacity for financial management[.]" Tr. 684. Based on this limitation, the ALJ concluded that Plaintiff could "perform simple 1-4 step, routine, repetitive tasks in a low stress work environment . . . which would not require a fast pace or production quotas such as would customarily be found on an assembly line." Tr. 684. The ALJ did not specifically state whether this restriction intended to accommodate the moderate CPP limitation. Even assuming it was so intended, the ALJ did not provide an explanation as to how the restriction from working at a production-rate pace addresses Plaintiff's moderate CPP limitations.

The Court agrees with Plaintiff that this lack of explanation warrants remand. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). Social Security Ruling[4] ("SSR") 96-8P details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8P, 1996 WL 374184 (S.S.A. July 2, 1996). Specifically, the ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Here, the ALJ did not provide such narrative discussion to support the RFC's production-pace restriction.

Defendant disagrees and argues that the ALJ properly supported their conclusion. ECF 15, at 3. Defendant concedes that remand is necessary when courts are left to guess about the basis

---

[4] "Social Security rulings constitute the [SSA's] interpretations of the statute it administers and of [the SSA's] own regulations." *Chavez v. Dep't of Health & Hum. Servs.*, 103 F.3d 849, 851 (9th Cir. 1996) (citation omitted). While SSR 96-8P and other Social Security rulings "do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995) (citing *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)).

for the ALJ's reasoning. ECF 15, at 9. Here, the ALJ's decision, as it stands, lacks the necessary basis to support the limitation. The ALJ did not assign persuasive value to any medical opinion that can be construed as the basis for the ALJ's reasoning. *See* Tr. 689-94 (holding limited to no weight for multiple provider opinions that found a moderate CPP). Without assigning persuasive value to these medical opinions, they cannot provide substantial support for the ALJ's CPP-related RFC provisions. *See Sizemore*, 878 F.3d at 81. Defendant argues that Dr. Barbara Lewis's medical opinion accounted for Plaintiff's moderate CPP limitation. ECF 15, at 12. Upon review, the ALJ determined that Dr. Lewis's opinion received only "some weight" but did not delineate which aspect of the doctor's opinion the ALJ found persuasive. Tr. 690. The ALJ only explained that Dr. Lewis's "opinion predates the amended alleged onset date . . . ." This leaves the Court to guess which aspect of the opinion the ALJ considered to be persuasive, if any.

Defendant points to, among other things, the ALJ's "detailed and accurate consideration of Plaintiff's relevant longitudinal history" which sufficiently explains the conclusion to restrict Plaintiff from production-pace work. ECF 15, at 15. Even if the evidence *may* support the conclusion that a restriction from production-pace work accommodates Plaintiff's moderate CPP limitations, SSR 96-8P requires an ALJ to provide a discussion containing evidence that supports the ALJ's conclusions. Specifically, it requires the ALJ to "describ[e] *how* the evidence supports *each*" of the ALJ's conclusions. SSR 96-8P, 1996 WL 374184, at *7 (emphasis added). By failing to specifically address how the evidence supports the inclusion of a production-pace restriction, the ALJ contravened SSR 96-8P. Defendant's argument is therefore unavailing.

Having determined that the ALJ erred in assessing the RFC, the Court must also determine whether the error warrants remand. Ordinarily, remand of an SSA decision for legal error is unwarranted unless a plaintiff shows that the error was harmful. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Plaintiff does not address whether the error he alleges was harmful. *See generally* ECF 13. Nevertheless, remand is appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citation omitted). Without the proper explanation, there is no "accurate and logical bridge from the evidence" to the conclusion, and remand is necessary. *Mascio*, 780 F.3d at 638; *see Stacy C. v. Kijakazi*, No. CBD-20-2833, 2022 WL 814292, at *3 (D. Md. Mar. 17, 2022) (noting that without a proper narrative discussion, "it is impossible for the Court to determine whether the decision was based on substantial evidence."). Here, given the lack of a narrative discussion and the lack of any record evidence that might shed light on the appropriateness of a production-pace restriction, the Court is "left to guess" about how the ALJ determined that a production-pace restriction could accommodate Plaintiff's moderate CPP limitations. *Id*. at 637. Indeed, the ALJ's lack of explanation leaves the Court unable to determine whether the ALJ's production-pace restriction was even intended to accommodate Plaintiff's CPP limitations. For these reasons, remand is necessary. *See id.*

On remand, the ALJ must either: (1) provide a narrative discussion that explains how the RFC addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC limitation is necessary to address these limitations. *See Talmo*, 2015 WL 2395108, at *3; *Mascio*, 780 F.3d at

638. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.  CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge